UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
-----------------------------------------------------------------------X
ELIZABETH SWANGER-METCALFE.

        Plaintiff,

  -against-

BOWHEAD INTEGRATED SUPPORT SERVICES, LLC,
RAY LAUBS, *individually*, and
KELLY GREEN-KREBS, *individually*.

        Defendants.
-----------------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

**Plaintiff Demands A Trial by Jury**

Plaintiff, ELIZABETH SWANGER-METCALFE, as and for his Complaint against Defendants BOWHEAD INTEGRATED SUPPORT SERVICES, LLC, respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of gender, and retaliated against by her employer for complaining of discrimination and retaliation.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the court as this action involves a Federal Question under Title VII of the Civil Rights Act.

3. Venue is proper in this district because the events giving rise to this claim took place in Chambersburg, PA within the Middle District of Pennsylvania.

4. On or about December 23, 2017, Plaintiff filed charges with the EEOC against Defendants as set forth herein.

5. On or about August 7, 2017, Plaintiff received a Right to Sue Letter from the EEOC.

6. This action is being commenced within ninety (90) days of receipt of the EEOC Right to Sue Letter.

7. Plaintiff's EEOC charge of discrimination was dual filed with the Pennsylvania Human Relations Commission.

8. At this time, Plaintiff has not exhausted her administrative remedies with the state and reserves her rights to amend her Complaint and add any and all state claims that become available to her at the time of exhaustion.

## PARTIES

9. Plaintiff ELIZABETH SWANGER-METCALFE (hereinafter also referred to as Plaintiff and "SWANGER-METCALFE") is an individual

female who is a citizen of the State of Pennsylvania in the County of Franklin.

10. At all times material, Defendant BOWHEAD INTEGRATED SUPPORT SERVICES, LLC (hereinafter also referred to as Defendant and "BOWHEAD") is a foreign business corporation duly existing under the laws of the State of Alaska and authorized to do business in the Commonwealth of Pennsylvania.

11. BOWHEAD's corporate headquarters is located at 4900 Seminary Road #1000, Alexandria, VA 22311.

12. At all times material, BOWHEAD does and continues to do business at the Letterkenny Army Depot located at 1350 Superior Avenue, Chambersburg, PA 17201.

13. At all times material, Plaintiff SWANGER-METCALFE was an employee of Defendant BOWHEAD.

14. At all times material, Defendant RAY LAUBS (hereinafter also referred to as "LAUBS") was employed as the Shift Supervisor of Defendant BOWHEAD.

15. At all times material, Defendant LAUBS held supervisory authority over Plaintiff.

16. At all times material, Defendant KELLY GREEN-KREBS (hereinafter also referred to as "GREEN-KREBS") was an employee at Defendant BOWHEAD as Human Resources Representative.

17. At all times material, Defendant GREEN- KREBS held supervisory authority over Plaintiff.

## MATERIAL FACTS

18. On or around March 13, 2015, Plaintiff SWANGER-METCALFE began working for Defendant BOWHEAD as an "Automotive Worker" at Defendant BOWHEAD's Chambersburg, Pennsylvania location.

19. From the day Plaintiff SWANGER-METCALFE began her employment with Defendants, Plaintiff SWANGER-METCALFE was an exemplary employee.

20. As an "Automotive Worker," Plaintiff performed minor repairs and services to maintain vehicles which mostly included placing and maintaining decals on vehicles, cleaning vehicle interiors, and preparing the vehicles before painting takes place.

21. "Automotive Workers" generally work in one of two areas, the "Prep Floor" or the "Sand Room."

22. Some "Automotive Workers" preferred working in the "Sand Room" for their entire shift, while others rotate between the "Prep Floor" and the "Sand Room."

23. Defendants required employees who perform substantial work in the "Sand Room" to be tested for lead and other materials yearly.

24. Defendant required employees to comply with all safety rules and regulations established by Defendant and government agencies.

25. Defendant required employees to don protective Tyvek suits and either a half-mask respirator or forced-air ventilation hood before entering the "Sand Room."

26. In or around the summer of 2016, Plaintiff SWANGER-METCALFE became aware that she was pregnant.

27. On or around September 22, 2016, Plaintiff's treating physician issued her a doctor's note that indicated that due to her pregnancy, she should only be assigned to work in a well-ventilated area until further notice.

28. Upon receipt of this note, Defendant GREEN-KREBS advised Plaintiff that she would need a Fitness for Duty Certification Release to Return to Work form.

29. On or around October 14, 2016, Plaintiff presented the completed Fitness for Duty Certification Release to Return to Work form which indicated

that Plaintiff had a lifting restriction of no more than ten (10) to twenty (20) pounds; she could stand/walk six (6) to eight (8) hours a day; she could use her hands repetitively for five (5) to eight (8) hours a day; and repeated the necessity that Plaintiff only work in a well-ventilated area.

30. The completed form also indicated that six (6) weeks after delivery, Plaintiff would have no work restrictions.

31. On or around October 21, 2016, Plaintiff presented another doctor's note, indicating that, due to her pregnancy, she should continue to be excused from working in small areas that could expose her to certain chemicals and agents and that she needed to be working in a large, open area with multiple vents.

32. Consistent with the restrictions provided by her doctor, Plaintiff continued working as an "Automotive Worker".

33. Between September 22, 2016 and November 18, 2016, Plaintiff was able to continue working as an "Automotive Worker".

34. During this time, Plaintiff was able to complete the essential job functions of an "Automotive Worker".

35. During this time, the only accommodation that Plaintiff required was to not work in the "Sand Room."

36. On or around November 18, 2016, Defendant LAUBS advised Plaintiff's Shift Leader that if Plaintiff would not agree to work in the "Sand Room", she would be sent home.

37. Plaintiff immediately met with Defendant GREEN-KREBS and Defendant LAUBS to seek clarification.

38. Defendant GREEN-KREBS informed Plaintiff that, "pregnancy is not a disability," and that Plaintiff had only two (2) options; agree to work in the Sand Room, or go on FMLA leave and apply for disability benefits.

39. Defendant GREEN-KREBS also informed Plaintiff that the reason for no longer accommodating her doctor's restrictions was that other employees had complained, and that Defendant BOWHEAD could not show "favoritism" in determining work assignments.

40. Defendants also told Plaintiff that they could not relocate employees to a different department within the facility.

41. Upon information and belief, other similarly situated employees were routinely moved to different departments within the facility.

42. After this meeting, Plaintiff was extremely upset and distressed and was moved to the point of tears.

43. Defendant LAUBS mocked and made fun of Plaintiff's reaction, also stating words to the effect, "they want women's equal rights, they got 'em!"

44. On or around November 23, 2016, Defendants forced Plaintiff to take FMLA leave.

45. On or around November 23, 2016, Plaintiff's mother inquired if it would be possible for Plaintiff to retrieve her personal belongings from her locker.

46. Defendant GREEN-KREBS stated, that from a safety stand-point, Plaintiff would not be able to go to the floor to get her things.

47. Defendants at all times refused to allow Plaintiff to perform other available jobs that fell within her medical restrictions.

48. As of December 5, 2016, there were three posted open positions at the facility which Plaintiff could have performed, titled Warehouse Specialist and Production Control Clerk.

49. Plaintiff felt humiliated, degraded, victimized, embarrassed, and emotionally distressed on continual basis and as a result of the aforementioned conduct and comments by Defendants.

50. Based on Defendants' discriminatory and retaliatory treatment of Plaintiff, it is clear that Defendants discriminated against Plaintiff SWANGER-

METCALFE solely due to her sex, pregnancy and disability and retaliation against Plaintiff for her protected complaints.

51. As a result of the Defendants' discriminatory treatment of Plaintiff SWANGER-METCALFE, she has suffered severe emotional distress and physical ailments.

52. As a result of the acts and conduct complained of herein, Plaintiff SWANGER-METCALFE has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff SWANGER-METCALFE has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff SWANGER-METCALFE further experienced severe emotional and physical distress.

53. Defendants' conduct has been malicious, willful, and/or outrageous, and conducted with full knowledge of and reckless indifference of the law. As such, Plaintiff SWANGER-METCALFE demands Punitive Damages as against all Defendants, jointly and severally.

54. The above are just some of the examples of the discrimination and retaliation to which Defendants subjected Plaintiff.

# AS A FIRST CAUSE OF ACTION
# FOR DISCRIMINATION UNDER TITLE VII
# (Not Against Individual Defendants)

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56. Title VII states in relevant parts as follows:

    § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

57. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her pregnancy and sex.

58. Furthermore, section 701 of the Civil Rights Act of 1964 as amended states that "'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work."

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

61. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE AMERICANS WITH DISABILITIES ACT
## (Not Against Individual Defendants)

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. Plaintiff claims Defendants violated the Americans with Disabilities Act

of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

64. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states:

   "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

65. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability (pregnancy).

66. As such, Plaintiff has been damaged as set forth herein.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs,

and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Philadelphia, Pennsylvania
       November 1, 2017

                              DEREK SMITH LAW GROUP, PLLC
                              *Attorneys for Plaintiff*

                              By: _____
                                   Samuel C. Wilson, Esq.
                                   1845 Walnut Street, Suite 1601
                                   Philadelphia, Pennsylvania 19103
                                   (215) 391-4790